█ We lack jurisdiction to consider Mendoza–Mendoza's imputed political opinion and family as a social group claims because he did not exhaust them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

█ We reject Mendoza–Mendoza's claim that he is eligible for asylum and withholding of removal based on his membership in a particular social group, namely, young El Salvadorean males opposed to gangs. *See Barrios v. Holder*, 581 F.3d 849, 854–56 (9th Cir.2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Santos–Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir.2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence") (internal quotation omitted).

Accordingly, because Mendoza–Mendoza failed to demonstrate that he was persecuted on account of a protected ground, we deny the petition as to his asylum and

withholding of removal claims. *See Barrios*, 581 F.3d at 855–56.

**PETITION FOR REVIEW DENIED.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sylvester Kwesi Monyor NAABEH,**
**Defendant–Appellant.**

No. 08–10079.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Nov. 2, 2009.

Munish Sharda, Esquire, Christina Marie Cabanillas, Assistants U.S. Attorney, USTU–office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Thomas Scott Hartzell, Esquire, Tucson, AZ, for Defendant–Appellant.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM **

Sylvester Kwesi Monyor Naabeh appeals from his jury-trial conviction and two

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

concurrent 22–month sentences for transportation of illegal aliens for the purpose of commercial advantage or private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(i), and his jury-trial conviction and concurrent 12–month sentence for assault of a federal officer, in violation of 18 U.S.C. § 111(a)(1). Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Naabeh's counsel has filed a brief stating there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided the appellant with the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief on direct appeal.

Accordingly, counsel's motion to withdraw is **GRANTED.** We **VACATE** and **REMAND** the term of supervised release for Count 3 because it exceeds the statutory maximum term set forth in 18 U.S.C. § 3583(b)(3). We **AFFIRM** the judgment in all other respects.